# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv03

| | |
|---|---|
| KEN ALVAREZ, *et. al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES ROBERT WARD, MICHAEL FLASKEY, | ) |
| ROBERT VACKO, PAUL BEIDEL, and | ) |
| DPB SOLUTIONS, LLC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF DECISION AND ORDER

**THIS MATTER** is before the Court on the following:

1. The Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. 19];

2. The Plaintiffs' Motion to Defer Rulings on Defendants' Motion to Dismiss Complaint and on Plaintiff's Objections to the Memorandum and Recommendation of the Magistrate Judge [Doc. 34]; and

3. The Plaintiffs' Objections to the Memorandum and Recommendation of the Magistrate Judge [Doc. 35].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation

of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition. On October 17, 2011, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion to dismiss and dismissing this action without prejudice. [Doc. 31]. The Plaintiffs timely filed objections to that recommendation. [Doc. 35].

## PROCEDURAL HISTORY

On January 6, 2011, the Plaintiffs initiated this action alleging violations of the Interstate Land Sales Act (ILSA), 15 U.S.C. §1703(a)(2), and state law claims for unfair and deceptive trade practices, in violation of N.C. Gen. Stat. §75-1.1 et seq., constructive fraud and negligent misrepresentation. [Doc. 1].[1] The parties agree that their dispute arises from a real estate development known as Grey Rock at Lake Lure. The Plaintiffs purchased lots in the development which was presented as one intended to be a luxury resort with commensurate amenities and infrastructure, but those features were never

---

[1] Unless otherwise noted, all of the purported facts recited herein as well as those recounted by the Magistrate Judge are taken from the Plaintiffs' Complaint. The Plaintiffs do not dispute the Magistrate Judge's statement of the facts and have filed no objections thereto. [Doc. 35 at 2-4]. The Defendants attached an Organization Chart to its Motion to Dismiss which is based on the allegations contained within the Complaint. [Doc. 20-1]. The chart contains the ownership and membership information concerning the limited liability company LR Buffalo Creek, LLC which would otherwise have been required by Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

completed. As a result, the Plaintiffs claim that their lots are worthless. In the Complaint, the Plaintiffs do not state their dates of purchase of their lots. In support of the motion to dismiss, however, the Defendants attached copies of the deeds filed as a matter of public record at the time the Plaintiffs made those purchases.[2] [Doc. 21; Doc. 22]. The majority of the lots were purchased in 2005; six were purchased in 2006; two were purchased in 2007; and one lot was purchased in February 2008. [Id.].

LR Buffalo Creek, LLC (Buffalo Creek) was the entity that developed the property and sold the lots. It is not named as a defendant in this action because on October 30, 2008, Buffalo Creek and its parent company, Land Resource, LLC (Land Resource), filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida.[3] Land Resource owns a 75% membership interest in Buffalo Creek and was the manager thereof. The other members of Buffalo Creek are Euram Grey Rock

---

[2] The Court may take judicial notice of matters in the public record in ruling on a motion to dismiss for failure to state a claim without converting the motion to one for summary judgment. Henson v. CSC Credit Services, 29 F.3d 280, 283 (7th Cir. 1994); accord, Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000), cert. denied 531 U.S. 904, 121 S.Ct. 245, 148 L.Ed.2d 176 (2000); Norfolk Federation of Business Dist. v. H.U.D., 932 F.Supp. 730, 736 (E.D.Va. 1996) (court may consider matters of public record), affirmed __ F. App'x __, 103 F.3d 119 (4th Cir. 1996).

[3] Likewise, Land Resource was not named as a defendant herein. Plaintiffs assert that at some unspecified later date, the Chapter 11 bankruptcies were converted to Chapter 7 liquidation proceedings which remain pending.

Associates, L.P.; Realan Investment Partners, LLLP [sic]; Weeks-Grey Rock, LLC; Barrington H. Beach and DPB Solutions, LLC. [Doc. 20-1]. Only DPB Solutions, LLC (DPB Solutions) has been named as a defendant in this action. The parties have not advised whether the other members of Buffalo Creek have filed bankruptcy.

The individual defendants were each corporate officers of Land Resource. Defendant Ward, who owns 79.9% of Land Resource, was the president and founder thereof. Defendant Beidel was the vice-president of acquisitions and development and the chief operating officer of Land Resource as well as the manager of DPB Solutions, which has a membership interest in Buffalo Creek. Defendant Flaskey was the chief executive officer of Land Resource and Defendant Vacko was its chief financial officer.

In the Complaint, the Plaintiffs allege that the individual defendants and DPB Solutions were "co-developers of the subdivision" within the meaning of ILSA and that they violated the statute. They also allege that the Defendants violated the North Carolina Unfair and Deceptive Trade Practices Act and committed common law constructive fraud and negligent misrepresentation. The crux of each of these claims is that the named defendants divested Buffalo Creek of all assets by making equity distributions to themselves and

Land Resource as well as to the other members of Buffalo Creek who have not been named as defendants. Specific amounts of such distributions are alleged to have been paid to identified individuals and entities from January 1, 2005 through December 31, 2007. [Doc. 1 at 4-6]. A general allegation is made that such distributions were also made in 2008. [Id. at 6-7]. The Plaintiffs claim that the named defendants operated Buffalo Creek as a sham corporation and as the alter ego of each defendant. In the Complaint, they allege that

> [n]one of the Defendants herein is being sued solely because they participated in the management, control, or ownership of LR Buffalo Creek. Instead, they are being sued for personally profiting or allowing others to profit from the acts and conduct set forth in this Complaint, in circumstances that left the LLC [Buffalo Creek] a shell with no assets to perform its development obligations. Some of these disbursements occurred during a period when LR Buffalo Creek was insolvent, thereby giving rise to a fiduciary duty to creditors such as Plaintiffs[.]
> ...
> As LR Buffalo Creek was approaching insolvency, Defendants owed Plaintiffs a fiduciary duty.

[Doc. 1 at 7, 16]. It is noted that the Plaintiffs do not allege that any of the individual Defendants were owners or managers of the developer, Buffalo Creek, but rather were officers of the LLC that was the principal owner of Buffalo Creek.

The Magistrate Judge concluded that the Complaint must be dismissed

without prejudice because the claims alleged therein constitute property of the bankruptcy estate of Buffalo Creek and Land Resource; to the extent that the Plaintiffs have claims regarding the development they are claims against Buffalo Creek, and Plaintiffs may recover from the Defendants herein only to the extent that the Bankruptcy Trustee recovers those assets from the Defendants. The Plaintiffs timely filed objections which, they concede, "boil down to a single proposition: that the Plaintiffs' claims are not the property of the bankruptcy estate, but of the plaintiffs themselves." [Doc. 35 at 5].

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge;

it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

The Court has reviewed the standard of review applied by the Magistrate Judge to the Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6). The Court finds his recitation thereof is an accurate statement of the law and, the Plaintiffs having filed no objection thereto, adopts it.

## DISCUSSION

**The Plaintiffs' Objections to the Memorandum and Recommendation.**

As previously noted, the Magistrate Judge found that the claims raised by the Plaintiffs in this action belong to the bankruptcy estate of Buffalo Creek and Land Resource. The Plaintiffs concede the issue is discreet: whether their claims are property of this estate instead of personal to them.

The Court first notes that "limited liability companies and similar entities ... fall under the definition of a corporation in the Bankruptcy Code §101." In re The Northern Outer Banks Associates, LLC, 2010 WL 4630348 **2 (Bkr.E.D.N.C. 2010). A limited liability company "is owned by members who have the same protection from liability as shareholders of a corporation." Id., at n.1 (quoting 2 Collier on Bankruptcy, §101.09 (Alan N. Resnick & Henry J.Sommer eds. 16th ed. 2009)) (other internal quotations and citations omitted). Thus, the law applies to limited liability companies in the same way it applies to corporations. Id.; In re Zephyr Land Holdings, LLC, 2011 WL 5909464 (Bkr.E.D.N.C. 2011).[4]

> The filing of bankruptcy creates an estate consisting of all the debtor's property, including all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. §541(a)(1). Section 541(a)(1) is interpreted broadly.

---

[4]The parties implicitly concede this point by citing cases involving corporations.

8

> Property of the estate includes *all* of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition. And 'all,' ... means 'all'. When a corporation files bankruptcy, the bankruptcy estate succeeds to the corporation's rights against its directors. When an action is personal to a creditor, however, it is not property of the estate. State law determines whether a right to sue belongs to the debtor pursuant to Section 541(a) or to the individual creditor.
> ...
> In North Carolina, the directors of a corporation generally owe a fiduciary duty to the corporation, and when it is alleged that the directors have breached this duty, only the corporation may sue, not a creditor or a shareholder.
> ...
> In North Carolina, directors of a corporation do not owe a fiduciary duty to the creditors of the corporation. Thus, when the creditors of an insolvent corporation share an injury based on a common act, only a receiver or trustee has standing to assert the creditors' collective claim against the directors of the corporation. A single creditor may not individually maintain a general action against a corporation's directors and officers if that creditor shares that injury common to all creditors and has personally been injured only in an indirect manner. Thus, where fraud or negligent mismanagement of a corporation's business by its directors has resulted in a loss to the corporation and its creditors generally, the right of action belongs to the corporation, and an action against the directors may be maintained only in the name of the corporation for the benefit of all creditors.

In re Bostic Construction, Inc., 435 B.R. 46, 60-62 (Bkr.M.D.N.C. 2010) (emphasis in original)(internal quotations and citations omitted); 5 Collier on Bankruptcy §541.07[5].

The Plaintiffs seek to avoid this clear statement of the law by asserting that the actions of the Defendants occurred and/or continued after Buffalo

Creek was insolvent. It is correct that in North Carolina, although the officers and directors of a corporation do not owe a fiduciary duty to creditors, an exception exists if the circumstances amount to a dissolution of the corporation. Bostic, 435 B.R. at 62. Where the officers and directors "continue to operate an insolvent corporation only to recover amounts owed to them, to the detriment of the corporation's other creditors, North Carolina courts equate that to a winding up or dissolution and find that the directors and officers owe a fiduciary duty to creditors." Id.

Here, however, the Plaintiffs' allegations are that the Defendants "looted" Buffalo Creek from the beginning of the venture. Although couched in terms of separate claims, the essence of each is that the Defendants divested Buffalo Creek of assets by diverting the same to themselves instead of using assets to complete the development.[5] The allegations of the Complaint, moreover, do not make specific claims that sums were diverted while the corporation was insolvent. Instead, the allegations are general: "*Some of these disbursements* occurred during a period when LR Buffalo

---

[5]The Plaintiffs also claim that the Defendants are the alter egos of the company. They have conceded, however, that whether these claims may be pursued by them while the company is in bankruptcy is a matter of state law. [Doc. 35 at 5]. In North Carolina, alter ego claims belong to the bankrupt estate and may only be prosecuted by the trustee. Holcomb v. Pilot Freight Carriers, Inc., 120 B.R. 35, 41-42 (M.D.N.C. 1990).

Creek was insolvent, thereby giving rise to a fiduciary duty to creditors such as Plaintiffs[.] ... *As LR Buffalo Creek was approaching insolvency*, Defendants owed Plaintiffs a fiduciary duty." [Doc. 1 at 7, 16] (emphasis provided).

> Where a creditor of a corporation has sustained an identifiable loss peculiar and personal to himself by reason of the fraud or negligent mismanagement of the corporation's business by its directors, he has a cause of action against the directors for the recovery of his personal loss, which will inure to him personally and not to the other creditors of the corporation.

Ford Motor Credit Co. v. Minges, 473 F.2d 918, 920-21 (4th Cir. 1973). But, a "claim is personal only if the creditor itself is harmed and no other creditor has an interest in the claim." Bostic, 435 B.R. at 63. When all of the creditors of an insolvent or bankrupt corporation share an injury based on common acts of the officers and directors, only the trustee in bankruptcy has standing to assert the creditors' collective claim against the directors on behalf of the corporation. Angell v. Kelly, 336 F.Supp.2d 540, 544-45 (M.D.N.C. 2004). The Complaint in this case names one hundred and one separate Plaintiffs, each of whom claims to be a creditor who shares the injuries alleged, injuries which are identical and which are based on the common acts

11

of the Defendants.[6] Id. (citing National Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999), cert. denied 528 U.S. 1156, 120 S.Ct. 1162, 145 L.Ed.2d 1073 (2000)). The common acts of the Defendants which allegedly give rise to these claims, including fraudulently transfering the assets of the company, would be breaches of the duty owed to Buffalo Creek, not to any particular individual creditor.[7] Id. (citing Underwood v. Stafford, 270 N.C. 700, 703, 155 S.E.2d 211 (1967). Although the Plaintiffs have attempted to avoid this result by alleging that the members of the LLC owed them a fiduciary duty which arose at such time as Buffalo Creek became insolvent, the allegations are non-specific as to time, place, amounts and creditors.[8] There is nothing in the Complaint from which one could discern such personal claims. Moreover, when the creditors of an insolvent company share the injury based on common acts, it is not personal to any one creditor. In re Bostic, 435 B.R. at 63; Bradson Mercantile, Inc. v. Vanderbilt Indus.

---

[6]The Complaint does not contain an allegation that these Plaintiffs are the owners of every lot sold and thus, other such owners would also be creditors of Buffalo Creek.

[7]The Plaintiffs' reliance on Keener Lumber Co., Inc. v. Perry, 149 N.C.App. 19, 560 S.E.2d 817 (2002), disc. review denied 356 N.C. 164, 568 S.E.2d 196 (2002), is thus inapposite since in that case there was a fiduciary duty owed directly to the creditor, not the corporation. Id. at 26-7.

[8]Indeed, the Plaintiffs did not file an objection to the Magistrate's recommendation in this regard.

Contracting Corp., 883 F.Supp. 37, 54-5 (W.D.N.C. 1995) (where fraud and mismanagement result in loss to the corporation and its creditors generally, cause of action belongs to corporation and may be maintained only in corporation's name if it is insolvent).

> To allow selected creditors to artfully plead their way out of bankruptcy court would unravel the bankruptcy process and undermine an ordered distribution of the bankruptcy estate. ... Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process.

Ruppert, 187 F.3d at 442. Such is the case here and the Court will therefore grant the motion to dismiss and will dismiss the action without prejudice.

**The Plaintiffs' Motion to Defer.**

The Plaintiffs' Objections were actually filed as an alternative to their request that the Court defer any ruling on the motion to dismiss. According to Plaintiffs' counsel, the Bankruptcy Trustee has agreed to assign the interest of the bankruptcy estate in the claims to the Plaintiffs in this action. [Doc. 35 at 2]. For the reasons stated herein, the Plaintiffs do not have standing to bring this action; only the bankruptcy trustee would have standing. Ruppert, 187 F.3d at 441. Therefore, this Court does not have subject matter jurisdiction over the action. Ellenburg v. Spartan Motors Chassis, Inc., 519

13

F.3d 192, 196 (4th Cir. 2008) (District courts have an independent obligation to address subject matter jurisdiction and may raise it *sua sponte*.). Since the Court does not have subject matter jurisdiction, it may not defer ruling on the Motion to Dismiss. It cannot grant a stay if it does not have the jurisdiction to address the case at all.

In any event, the parties have placed nothing before this Court showing that the Trustee has assigned the claims or that no other creditors have objected thereto. Ruppert, 187 F.3d at 441-42; Fed.R.Bankr.P. 6007. Nor have they shown that the United States Bankruptcy Court for the Middle District of Florida has approved any such assignment. Id.; Fed.R.Bankr.P. 9019. Since this goes to a jurisdictional issue and the Plaintiffs have the obligation to demonstrate that the Court has subject matter jurisdiction over their claim, Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Richmond, Fredericksburg & Potomac RR Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), this failure on the part of the Plaintiffs is fatal. The motion to defer is therefore denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections to the Memorandum and Recommendation of the Magistrate Judge [Doc. 35] are hereby **REJECTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. 19] is hereby **GRANTED** and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Defer Rulings on Defendants' Motion to Dismiss Complaint and on Plaintiff's Objections to the Memorandum and Recommendation of the Magistrate Judge [Doc. 34] is hereby **DENIED**.

Signed: January 12, 2012

Martin Reidinger
United States District Judge